IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES GUENTHER, | CASE NO. 5:11-CV-00380-EJD |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS IN PART AND STAYING CASE** |
| v. | |
| LOCKHEED MARTIN CORPORATION et al., | [Re: Docket Item No. 14] |
| Defendants. | |

Defendants Lockheed Martin Corporation and Lockheed Martin Corporation Salaried Employee Retirement Program (the "Plan") move for dismissal of the First Amended Complaint for failure to state a claim.

## I. BACKGROUND

Plaintiff Charles F. Guenther was an employee of Lockheed Corporation from 1983–1991, and of Defendant Lockheed Martin Corporation, Lockheed Corporation's successor, from 1997–2001. First Amended Complaint ("FAC") ¶ 4. During those two periods of service, Guenther acquired vested rights in the Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees.[1]

---

[1] The Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees is apparently one division of the Plan. See Motion to Dismiss Ex. 1 at 1, Mar. 23, 2011, ECF No. 14.

United States District Court
For the Northern District of California

1    In 2006, Guenther agreed to return to Lockheed Martin on the promise that his prior service with the company would be "bridged," allowing him to extend his tenure for the purposes of calculating his retirement benefits. FAC ¶ 5. Two months after being rehired, Guenther was notified that he was not entitled to pension benefits for his current stint with the company. FAC ¶ 6.

Between 2006 and 2010, Guenther made oral inquiries about his pension eligibility to the Lockheed Martin Employee Service Center (FAC ¶ 8), his local HR department (FAC ¶ 9), Lockheed Martin's employer benefits service provider (FAC ¶ 7), his manager (FAC ¶ 11), and the company's legal department (FAC ¶ 12). In October 2010, having received no satisfactory response, Guenther's attorney sent a letter to the only address from which he had received any correspondence about his pension benefits. The letter threatened a lawsuit if Guenther's pension benefits were not fully reinstated within ten days. Lockheed did not respond to the letter.

Guenther filed the instant action in superior court on November 8, 2010. Lockheed Martin removed the case to this court on January 25, 2011. Guenther filed the FAC on March 2, 2012, claiming denial of benefits under ERISA and breach of contract. Lockheed Martin now moves to dismiss the case on two grounds: (1) that Guenther failed to exhaust the Plan's administrative review process before filing suit, and (2) that the breach of contract claim is preempted by ERISA.

**II. LEGAL STANDARD**

On a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted, the complaint must be construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). This rule does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). While a complaint does not need detailed factual allegations to survive a 12(b)(6) motion, the plaintiff must provide grounds demonstrating its entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege sufficient factual allegations "to raise a right to relief above the speculative level." Id. This threshold is reached when the complaint contains sufficient facts to allow

1  the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.
2  Iqbal, 129 S. Ct. at 1950.

### III. DISCUSSION

**A.   Failure to Exhaust Available Administrative Remedies**

While the ERISA statute itself does not articulate an exhaustion requirement, courts have consistently held that plaintiffs must pursue the plan's internal review procedures before filing suit under § 502. Vaught v. Scottsdale Healthcare Corp. Health Plan, 546 F.3d 620, 626–27 (9th Cir. 2008); Amato v. Bernard, 618 F.2d 559, 566, 568 (9th Cir. 1980). One among many reasons for requiring exhaustion is to assemble a factual record that will assist the court in reviewing the parties' actions. Exhaustion may be excused for a variety of reasons—for example, if resorting to the administrative procedures would have been futile, if the claimant has been denied meaningful access to the administrative procedure, or if the claimant has not received adequate notice of how to pursue a claim within the plan.

A court may grant a motion to dismiss based on a plaintiff's failure to exhaust administrative remedies; indeed, it may even look beyond the pleadings and decide disputed issues of fact. Glaus v. Kaiser Foundation Health Plan, C-09-2232 MMC, 2009 WL 2905961 at *2 (N.D. Cal. Sept. 8, 2009) (citing Wyatt v. Terhune, 315 F.3d 1108, 1119–20 (9th Cir. 2003)). Guenther contends that he did exhaust all available remedies and, in the alternative, that exhaustion would be futile.

It is clear that Guenther did not actually exhaust the available remedies. His only written communication to Lockheed Martin about his request was a letter demanding immediate reinstatement of all benefits threatening litigation if the situation was not resolved within ten days. FAC Ex. C. The letter was clearly neither intended nor received as the initiation of the orderly review procedure provided for by § 503 of ERISA.

Though Guenther's stated alternative argument is that resorting to the administrative process would have been "futile," he apparently means that he should be excused from the exhaustion requirement in light of Lockheed Martin's failure to advise him of the appropriate channels of

review.[2] He does not argue that the procedure would be unable to provide the relief he seeks.

The record does not reveal whether Guenther ever received any notice of the appropriate method to bring claims. Lockheed Martin asserts that Guenther would have received a copy of the Summary Plan Description (SPD) for the plan in which he had vested rights during his earlier service with the company and that the SPD was available on the company's intranet, but it offers no evidence of either fact. See Lockheed Martin's Reply 3, Aug. 26, 2011, ECF No. 26. Guenther made earnest—if haphazard—attempts to determine the proper method for reviewing his claim, and received no meaningful guidance whatsoever. It is possible that Guenther was never on notice of the correct appeals procedure; that inference is consistent with the facts alleged and the evidence presented. It is equally plausible that Guenther was in possession of the SPD—nothing in the record makes either conclusion more compelling than the other.

What is clear, however, is that this case will benefit from review pursuant to the Plan's internal procedures. Guenther makes no suggestion that the Plan's internal appeals process would not be able to afford him the relief he seeks, and he is clearly now on notice of the appropriate procedures. So while dismissal of this action for failure to exhaust might be unwarranted, a stay of the action while Guenther pursues internal plan remedies is the most prudent way to advance the dispute toward resolution.

**B.     Guenther's Breach of Contract Claim against the Plan is Preempted by ERISA.**

The ERISA civil enforcement mechanism has "extraordinary pre-emptive power." Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) (analyzing 29 U.S.C. § 1144). "[A]ny state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy . . . is pre-empted."

ERISA § 502(a)(1)(B) authorizes the cause of action Guenther brings against Lockheed

---

[2] "The 'futility doctrine' is perhaps best understood as a term of art that considers whether, in light of both the claimant's and the plan administrator's actions, it is *fair* to require the dismissal of the claimant's suit pending her reapplication for benefits in accordance with the procedures set forth in the summary plan description." Ludwig v. NYNEX Service Co., 838 F. Supp. 769, 781 (S.D.N.Y. 1993) (emphasis in original). The Ludwig notion of "futility" encompasses a situation "where there is a material issue of fact as to whether the plaintiff was informed of the appeals process." Id.

Martin and the Plan: "A civil action may be brought—(1) by a participant or beneficiary—. . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

While Guenther alleges his breach of contract claim only in the most general terms, it is clear that any plausible claim against either the Plan or against Lockheed Martin based on the facts alleged would duplicate or supplement the § 502(a)(1)(B) action to determine and enforce his rights as a plan participant. The breach of contract claim is therefore within ERISA's field of preemption, and is dismissed with prejudice.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's § 502(a)(1)(B) action for denial of benefits is STAYED. Either party may move to lift the stay upon the completion of the administrative appeal process. Plaintiff's claim for breach of contract is DISMISSED WITH PREJUDICE.

A case management conference will be held at 10:00 a.m. on September 14, 2012, at which the parties shall apprise the court of the status of the administrative claim. The parties shall file a case management statement on or before September 7, 2012 that complies with Civil L.R. 16-9.

**IT IS SO ORDERED.**

Dated: March 30, 2012

EDWARD J. DAVILA
United States District Judge