Andrew F. Pierce, Esq. (State Bar No. 101889)
PIERCE & SHEARER LLP
2200 Geng Road, Suite 230
Palo Alto, CA 94303
Phone (650) 843-1900
Fax    (650) 843-1999

Attorneys for Plaintiff
CHARLES GUENTHER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CHARLES GUENTHER, an individual, | Case No. CV 11-00380 EJD |
| Plaintiff, | **REQUEST TO EXTINGUISH STAY AND SET CASE MANAGEMENT CONFERENCE** |
| vs. | |
| LOCKHEED MARTIN CORPORATION, LOCKHEED MARTIN CORPORATION RETIREMENT PLAN FOR CERTAIN SALARIED EMPLOYEES, and DOES 1 through 30, | |
| Defendants. | |

In the Court's Order of September 10, 2012, the court continued the stay in this action until completion of the administrative appeals process. Said process has now concluded. A copy of the final appeal denial is attached. Plaintiff hereby requests that the Court extinguish the stay in this matter and to set a case management conference.

Dated: November 28, 2012                    Respectfully Submitted,

                                                                        PIERCE & SHEARER, LLP


                                                                        By: _____/s/_____
                                                                               Andrew F. Pierce
                                                                               Attorneys for Plaintiff
                                                                               CHARLES GUENTHER

PIERCE & SHEARER LLP
2200 Geng Road, Suite 230, Palo Alto, CA 94303
PHONE (650) 843-1900 • FAX (650) 843-1999

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS SO ORDERED.

    The Court sets a Case Management Conference on January 25, 2013 at 10:00 AM.  On or before January 18, 2013 the parties shall file a joint case management conference statement.

Dated:   11/30/2012

By: _____

        The Honorable Edward J. Davila

PIERCE & SHEARER LLP
2200 Geng Road, Suite 230, Palo Alto, CA  94303
PHONE (650) 843-1900 • FAX (650) 843-1999

Case No. CV 11-00380 EJD      REQUEST TO EXTINGUISH STAY AND SET CASE MANAGEMENT CONFERENCE

Lockheed Martin Corporation
6801 Rockledge Drive  Bethesda, MD 20817

*LOCKHEED MARTIN*

September 27, 2012

Andrew F. Pierce
Pierce & Shearer LLP
2200 Geng Road, Ste. 230
Palo Alto, CA 94303

Re: Charles Guenther:

Dear Mr. Pierce:

I have been authorized by the Lockheed Martin Pension Plans Administrative Committee (the "Committee") to advise you of the Committee's determination with respect to the pension benefit claim of your client Charles Guenther.

It appears that you are claiming that Mr. Guenther is entitled to Credited Service under the Lockheed Martin Corporation Salaried Employee Retirement Program (the "Plan") for the period subsequent to his re-hire by Lockheed Martin Corporation in September 2006. Mr. Guenther's claim was denied by letter from Robert Mueninghoff dated June 6, 2012, and you requested review of (or "appealed") the determination by letter dated August 3, 2012. Your letter of appeal and accompanying materials were referred to and reviewed by the Committee, and the Committee has determined that Mr. Guenther is not eligible to accrue Credited Service under the Plan for the period after his re-hire in 2006. Accordingly, the Committee determined that his claim is denied on review. The basis for the Committee's determination is set forth in detail below.

**Background**

As indicated in Mr. Mueninghoff's June 6 letter, the Plan is a defined benefit pension plan covering certain Lockheed Martin salaried employees. As set forth in Article V of the Plan, the amount of a person's ultimate pension benefit under the Plan is a function of a number of factors (including age at pension commencement and the form of benefit elected), but in general it is determined by his Credited Service and his Final Average Pensionable Earnings. The amount of the benefit may also be affected by a person's Benefit Eligibility Service, which is used in determining eligibility for early retirement.

Company records indicate that Mr. Guenther was originally employed by Lockheed Corporation (a predecessor of Lockheed Martin Corporation) from November 28, 1983 until February 8, 1991. During this time he was a participant in and accrued Credited Service under the Plan (or, technically, under the Lockheed Retirement Plan for Certain Salaried Employees or the "Salaried Plan", a predecessor of the Plan). Mr. Guenther was rehired by Lockheed Martin Corporation (the "Company") in June 1997, and continued as an employee until January 19, 2001, when he again terminated service with the Company. In accordance with the Plan provisions as in effect during this time period, Mr. Guenther participated in and accrued additional service (including Credited Service) under what was then referred to as the Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees (the "Salaried Plan") during this second period of employment. The Salaried Plan later was merged with other defined benefit plans sponsored by the Company, including the Lockheed Martin Corporation Retirement Income Plan or "RIP", to form the Plan.

Mr. Guenther was rehired and commenced employment with the Company on September 11, 2006. At the time of his re-hire, he had approximately 11.5 years of Credited Service under the Plan. He has not received further Credited Service under the Plan for the period after his 2006 re-hire, and his years of Credited Service thus remain at 11.5. The period after his 2006 re-hire has, however, been included in

Andrew F. Pierce
September 27, 2012
Page 2

determining his Benefit Eligibility Service, and his compensation since his re-hire will be included in determining his Final Average Pensionable Earnings for purposes of the Plan. In addition, Mr. Guenther's service after his 2006 re-hire was combined with his previous service for purposes of vesting and contribution levels under the Lockheed Martin Corporation Capital Accumulation Plan, as well as for certain other purposes (for example, vacation eligibility, severance eligibility, and service awards).

**Committee's Determination**

The Committee reviewed the terms of the Plan, and concluded that under the express terms of the Plan Mr. Guenther is not eligible to accrue Credited Service under the Plan for the period after his re-hire in September, 2006.

Specifically, the Committee noted that the Plan was amended effective January 1, 2006 by adding thereto a new subpart (c) to Article II(3) (Entry Into the Plan) which provides as follows:

"Notwithstanding any other provision of the Plan, including any provision relating to the re-hire of former employees, with respect to the Salaried Plan and RIP, (i) no person who is first employed by an Employing Company on or after January 1, 2006 shall become a Participant in the Plan, and (ii) except as set forth in Article III(6)(c) (relating to certain transferred Employees who actively participate in a defined benefit plan immediately prior to the transfer), **no person who is re-employed by an Employing Company on or after January 1, 2006 shall become an active Participant or earn Credited Service under the Plan with respect to any period commencing with such reemployment."**(emphasis added).

The above referenced amendment (which was dated December 21, 2005) also revised Article III(4) of the Plan (Credited Service) by adding thereto an additional paragraph, which provides as follows:

"Notwithstanding any other provision of the Plan, including any provision relating to the re-hire of former employees, with respect to the Salaried Plan or RIP (i) no person who is first employed by an Employing Company on or after January 1, 2006 shall become a Participant in the Plan, and (ii) except as set forth in Article III(6)(c) (relating to certain transferred Employees who actively participate in a defined benefit plan immediately prior to the transfer), **no person who is re-employed by an Employing Company on or after January 1, 2006 shall become an active Participant or earn Credited Service under the Plan with respect to any period commencing with such reemployment."** (emphasis added).

The foregoing changes are also reflected in Articles II(3) and III(4) of the current restated plan document for the Plan (except that references to the Salaried Plan and RIP are no longer included).

The limited exception referred to in the amendment—Article III(6)(c)—relates to people who transfer directly from one part of the Company to another part of the Company. The Committee found that Mr. Guenther's rehire in 2006 does not constitute a transfer, so the exception does not apply to him.

The Committee noted that Mr. Guenther was re-hired by the Company in September, 2006, which was after the effective date of the above mentioned Plan provisions. In light of the above Plan provisions, the Committee concluded that Mr. Guenther does not accrue additional Credited Service for the period after his re-hire. The Committee further reasoned that to hold otherwise would be contrary to the express terms of the Plan, including Article II(3) and III(4) discussed above.

Andrew F. Pierce
September 27, 2012
Page 3

The Committee considered the various arguments you raised in your claim and letter of appeal, and found them unpersuasive. The Committee found nothing therein which would provide a basis for ignoring or over-riding an express Plan provision.

To the extent you are alleging that a Company recruiter or other official told Mr. Guenther or otherwise led him to believe that he would come back into the Plan after his 2006 re-hire, the Committee found such allegation would not be credible. The Committee noted that while this was some years ago, the employment representative who dealt with Mr. Guenther does not believe she would have made any such statement, as it was well known at the time that post-2006 rehires were not eligible to participate under any circumstances. In this regard, the Committee noted that the closing of the Plan to new entrants was extensively communicated within the Company in 2005 and thereafter. For example, the Committee noted that a detailed communication directed to all employees in November 2005 which announced the closing of the Plan to new entrants specified, in part "This means that employees hired or rehired at an LMRP unit after Jan. 1, 2006, will participate in the Lockheed Martin Capital Accumulation Plan (CAP) instead of the LMRP for service after that date." (Throughout this communication, the Plan was referred to as the LMRP). The communication further specified that, effective Jan. 1, 2006:

"Employees who terminate service with Lockheed Martin for any reason, including layoff, and are later rehired at an LMRP unit, will not return to the LMRP for the period after their rehire. Any service with Lockheed Martin after the date of rehire will not count as credited service under the LMRP".

This same communication included the following language:

"For a rehired employee who participated in a pension plan previously, the following rules will apply:
-- *If you are entitled to have your pension service bridged* -- Lockheed Martin service after your rehire will be used for purposes of vesting and the determination of early retirement eligibility, but will not be used towards the calculation of your retiree medical cost or to determine the amount of your pension benefit. The LMRP will recognize your Lockheed Martin earnings in accordance with the plan's definition of eligible compensation. In addition, your prior bridged service will be used to determine any vesting or service based contributions in your defined contribution plans."

In light of the above, the Committee found it unlikely that any Lockheed Martin recruiter or other human resources personnel would have told Mr. Guenther or implied that he would participate in or earn further credited service under the Plan for the period after his rehire.

In this regard, the Committee also reviewed Mr. Guenther's 2006 offer letter. The Committee noted that while the letter specifically mentioned such things as a signing bonus, nothing in the letter stated or implied that Mr. Guenther would come back into the pension plan.

The Committee also reasoned that the fact that Mr. Guenther may have been advised to submit a Bridging of Service Form did not mean or imply that he could re-enter the Plan. Rather, as reflected in the above language, satisfying the bridging rules would have repercussions for a rehired employee's pension benefit and for other benefits, but it would not entitle him to actively participate in the Plan or earn further Credited Service.

The Committee acknowledged that prior to commencing employment Mr. Guenther submitted a Bridging of Service Form received a letter (dated July 25, 2006) which included the language "Since you were vested in a pension benefit provided by the Lockheed Martin Corporation Retirement Plan for Certain

Andrew F. Pierce
September 27, 2012
Page 4

Salaried Employees, your prior periods of Lockheed/Lockheed Martin service will be bridged with your proposed current Lockheed Martin Service." To the extent you are arguing that this letter was inaccurate or misleading, the Committee found your argument unpersuasive. While you and Mr. Guenther are apparently attempting the equate the concept of bridging of service with recommencing participation and earning additional credited service under the Plan, the Committee determined that that is not the proper construction, nor is it what the letter said. The Committee noted that the letter did not specify that Mr. Guenther would participate in or earn further credited service under the Plan for the period after his rehire, and indeed the letter did not reference future participation in the Plan. Rather, the letter simply indicated that Mr. Guenther's prior periods of service would be bridged with his proposed future service. The Committee determined that this is what happened, as Mr. Guenther's post-2006 service is considered along with his prior service for various purposes. For example, as explained in Mr. Mueninghoff's letter, since Mr. Guenther was vested in the Plan, his post-2006 employment with Lockheed Martin is considered along with his prior employment periods in determining his Benefit Eligibility Service under the Plan (Benefit Eligibility Service is relevant in applying the Plan's early retirement provisions and benefit reductions in the event of early benefit commencement). As explained in Mr. Mueninghoff's letter, since Mr. Guenther was vested in his accrued benefit, his post-2006 employment with the Company will also be considered when determining his Final Average Pensionable Earnings for purposes of the Plan (as explained in Mr. Mueninghoff's letter, one of the factors used in the Plan benefit formula is Final Average Pensionable Earnings, so assuming some of Mr. Guenther's post-2006 years with the Company are at a higher salary than during his earlier period of employment, his ultimate pension benefit—based on his pre-2006 Credited Service--will be correspondingly greater). Since Mr. Guenther met the applicable requirements for bridging, his prior service will also be combined with his post-2006 service for such purposes as vesting and contribution levels under the separate Capital Accumulation Plan (a separate retirement vehicle for post-2006 hires and rehires) and for vacation eligibility and severance eligibility.

The Committee also noted that the above construction of "bridging" is consistent with Company communications in general, including the November 2005 communication to employees referenced above. The Committee also found that it was consistent with the materials you included as Exhibits D and E of your appeal as well as with the 2009 Summary Plan description you reference.

The Committee found no support for your allegation that no one at Lockheed Martin "ever bothered to tell" Mr. Guenther that he was not going to be eligible for additional service credits (and indeed this appears inconsistent with Exhibit C of your letter). The Committee also noted that as a rehire Mr. Guenther participates in the Lockheed Martin Corporation Capital Accumulation Plan (the "CAP), a separate retirement plan for post-2006 hires and rehires, and that he would have received various communications related to the CAP, including the Summary Plan Description ("SPD"). The SPD includes language to the effect that a person is not eligible to participate in the CAP if he is actively accruing credited service under a defined benefit pension plan.

In summary, the Committee determined that Mr. Guenther is not eligible to accrue Credited Service under the Plan for the period after his rehire in September, 2006. The Committee found that to permit Mr. Guenther to accrue such service would be tantamount to ignoring the express terms of the Plan, and found that this would not be permissible or warranted. Accordingly, Mr. Guenther's claim is denied on review.

Mr. Guenther (or you as his authorized representative) is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to his claim for benefits. For this purpose, a document or record is relevant if it was relied upon in making the

Andrew F. Pierce
September 27, 2012
Page 5

benefit determination or if it was submitted, considered, or generated in the course of making the determination.

If Mr. Guenther disagrees with this determination, he may have the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act.

Sincerely,

Donald R. Remsch, Chair
Lockheed Martin Pension Plans
Administrative Committee

cc: Employee Service Center, Little Falls, NJ