UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES GUENTHER, | Case No.: 5:11-cv-00380 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION** |
| v. | |
| LOCKHEED MARTIN CORPORATION, et. al., | |
| | **[Docket Item No. 50]** |
| Defendant(s). | |

Presently before the Court in this dispute over pension plan benefits arising under the Employee Retirement Income Security Act of 1974 ("ERISA," 29 U.S.C. §§ 1000 – 1461) is Defendants Lockheed Martin Corporation ("Lockheed") and Lockheed Martin Corporation Salaried Employee Retirement Program's ("the Plan") (collectively, "Defendants") Motion for Summary Adjudication re Applicable Standard of Review. Having fully reviewed the parties' briefing, and for the following reasons, the Court GRANTS Defendants' motion.

**I.    Background**

**A. Mr. Guenther's Employment with Lockheed**

Charles Guenther has been employed off and on with Lockheed for much of the past thirty years. Declaration of Charles Guenther ("Guenther Decl.") ¶ 2. Lockheed initially hired him in 1983; he subsequently separated from the company in 1991. Id. During these terms of

1
Case No.: 5:11-cv-00380 EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION

1   employment, Mr. Guenther was enrolled in the Plan. Id. In 1997, Mr. Guenther rejoined
2   Lockheed; he was informed that he would be allowed to rejoin the Plan and that his Plan benefits
3   would be "bridged" to his previous period of service. Id. In 2001, Mr. Guenther again separated
4   from Lockheed. Id. On September 11, 2006, Lockheed rehired Mr. Guenther for a second time.
5   Id. ¶ 3. According to Mr. Guenther, Lockheed recruiters said that he would again be able to
6   "bridge" his Plan benefits with his previous period of service. Id. ¶¶ 3, 4, Ex. A. Mr. Guenther
7   cites the opportunity to bridge his Plan benefits between his two periods of service as a key
8   condition for his return. Id. ¶ 3.

### B. The Plan and Its Terms

Lockheed funds the Plan through a trust. Declaration of Clarissa Kang ("Kang Decl.") Ex. A, Article X(4). According to the Plan, Lockheed is the Plan administrator ("the Administrator") and the Administrator is a named fiduciary of the Plan responsible for making and reviewing claim determinations. Id. The Plan designates Lockheed's Vice-President for Human Resources as the individual responsible for acting on Lockheed's behalf in administering the Plan. Id. The Plan purports to vest the authority for determining Plan benefits in the Administrator thus:

The Plan Administrator shall be responsible for, and have the necessary authority and discretion to carry out the following:

(i) Determination of benefit eligibility and amount of benefits payable to Participants and Beneficiaries, as applicable, and certification thereof to the Trustee for payment from the trust fund;

(ii) Establishment of procedures to be followed by Participants and Beneficiaries, as applicable, for filing applications for benefits;

(iii) Appoint the committee(s) or other persons(s) responsible for making and reviewing claim determinations as provided in Article X(9);

(iv) Interpretation and construction of Plan provisions;

[sic]

(x) All functions assigned to the Plan Administrator under the terms of the Plan or Trust Agreement

2

Case No.: 5:11-cv-00380 EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION

> The Plan Administrator and its delegates shall have full discretion to construe and interpret the terms and provisions of the Plan, which interpretation or constructions shall be final, conclusive and binding on all parties, including but not limited to the Corporation and [a] Participant or Beneficiary, except as otherwise provided by law.

Id. Ex. A, Article X(4). The Administrator has delegated the authority to decide appeals of any claims it denies to an administrative committee ("the Committee"). Id. Ex. A, Article X(9)(g). The Plan text grants sanction to such delegation. Id.

On December 21, 2005 (effective January 1, 2006)—several months before Mr. Guenther's rehire—the Plan was amended to exclude new entrants from participating in the Plan. Id. Ex. D.

### C. The Instant Action

On July 17, 2006, Mr. Guenther filed an application to bridge his Plan benefits with his previous periods of service. Guenther Decl. ¶ 3. Mr. Guenther states that he was prompted to do so by virtue of representations from Lockheed recruiters indicating that he would be allowed to bridge his Plan benefits with his previous periods of service, including a letter sent to him by Lockheed. Id. ¶ 3, Ex. A. In November of 2006, the Administrator sent Mr. Guenther a letter informing him that he was not eligible to bridge his benefits in this manner. Guenther Decl. ¶ 4, Ex. B. Mr. Guenther made various, largely unsuccessful efforts to inquire about the apparent discrepancy. Id. ¶¶ 5 – 10. Mr. Guenther filed an action in Santa Clara County Superior Court seeking clarification of rights under ERISA and alleging breach of contract on November 8, 2010. See Notice of Removal, Docket Item No. 1. Lockheed removed the action to this Court. Id. Lockheed filed a motion to dismiss Mr. Guenther's complaint, asserting that the Plan was governed by ERISA and, as such, required Mr. Guenther to exhaust his administrative remedies before pursuing action in court. Def.'s Mot. to Dismiss. First Amended Compl., Docket Item No. 14. Because Mr. Guenther had never completed the appeals process on his claim with the Committee, this Court accordingly stayed proceedings on the ERISA claim; it granted, with prejudice, Lockheed's motion to dismiss as to the breach of contract claim as pre-empted by ERISA. Order on Mot. to Dismiss, Docket Item No. 37.

Mr. Guenther then filed an appeal of the Administrator's decision with the Committee. Kang Decl., Ex. E. The Committee conducted a review of the Administrator's decision, including taking the sworn statements of various individuals who, Mr. Guenther alleged, had promised Mr. Guenther that he would be able to bridge his Plan benefits with his previous periods of service. Id. The Committee determined that Mr. Guenther's claims were not credible. Id. ¶ 4. As a result, the Committee affirmed the decision of the Administrator. Id.

Having exhausted his administrative remedies, Mr. Guenther proceeds with the appeal of the Committee's decision and seeks additional discovery in support of his case. Lockheed moves for summary adjudication as to the standard of review in this matter, and accordingly seeks to limit evidence for the Court's review to the administrative record.

## II. Legal Standard

A motion for summary adjudication must meet the same standards as an ordinary motion for summary judgment under Federal Rule of Civil Procedure 56. See California v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standards to a motion for summary adjudication); Barsamian v. City of Kingsburg, 597 F. Supp. 2d 1054, 1061 (E.D. Cal. 2009) ("A motion for summary adjudication, sometimes referred to as a motion for partial summary judgment, is governed by the same standard as a typical motion for summary judgment.").[1]

A party may seek summary judgment on all or part of a claim. Fed. R. Civ. P. 56(a). A court shall grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. A material fact is one that would affect the outcome of the proceedings. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the non-moving party must then go beyond the pleadings to designate "specific facts showing that there is a genuine issue for trial." Id. at 324. Summary judgment is particularly appropriate where, instead, it appears that no genuine issue of disputed material fact exists and only

---

[1] Because there is a real case and controversy before the Court in this matter, the Court rejects Mr. Guenther's assertion that this issue is not ripe for decision and constitutes an advisory opinion. Summary judgment is a perfectly acceptable device for disposing of questions of pure law. Asuncion, 427 F.3d at 524.

4
Case No.: 5:11-cv-00380 EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION

questions of law remain unresolved. <u>Asuncion v. Dist. Dir. of INS</u>, 427 F.3d 523, 524 (9th Cir. 1970).

### III.     Discussion

Lockheed seeks an order declaring (A) that the "abuse of discretion" standard of review will apply to Plaintiff's claims, (B) that evidence outside the administrative record is inadmissible, and (C) that evidence regarding any conflict of interest inherent in the plan is not admissible because Plaintiff has failed to allege such a conflict of interest. The Court addresses each of these requests in turn.

#### A. Applicable Standard of Review

An employee benefits plan governed by ERISA may grant a fiduciary or administrator the authority to construe the plan's terms and determine individual eligibility for participation in the plan. <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989). Where such a benefits plan, by its plain language, provides this authority, a reviewing court grants the administrator's or other fiduciary's construction of the plan terms and determinations of eligibility significant deference. <u>See id.</u>; <u>Hensley v. Northwest Permanent P.C. Retirement Plan & Trust</u>, 258 F.3d 986, 994 (9th Cir. 2001). The precise denomination of this deferential standard of review remains unclear—the Ninth Circuit has alternatively described the standard as either "abuse of discretion" or "arbitrary and capricious." <u>See</u> <u>Taft v. Equitable Life Assurance Society</u>, 9 F.3d 1469, 1471 n.2 (9th Cir. 1993) (describing the variation between the "abuse of discretion" standard and the "arbitrary and capricious" standard as a "distinction without a difference"); <u>Madden v. ITT Long Term Disability Plan for Salaried Employees</u>, 914 F.2d 1279 (9th Cir. 1990).[2] Evidence of a conflict of interest on the part of the plan administrator may impinge on how a court applies the standard of review. <u>Montour v. Hartford Life & Acc. Ins. Co.</u>, 588 F.3d 623, 630 (9th Cir. 2009); <u>see</u> <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955, 965 (9th Cir. 2006) (en banc) ("[T]he existence of a conflict of interest is relevant to <u>how</u> a court conducts abuse of discretion review.") (emphasis in original). The existence of such a conflict is "a factor to be weighed, adjusting the

---

[2] For the purpose clarity, the Court will hereafter refer to this standard of review as "abuse of discretion."

5

Case No.: 5:11-cv-00380 EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION

weight based on the degree to which the conflict appears improperly to have influenced a plan administrator's decision." Montour, 458 F.3d at 630.

Here, the parties do not dispute that Article X(4) of the Plan grants the Administrator the necessary authority to construe the Plan's terms and determine individual eligibility under the plan.[3] Therefore, an "abuse of discretion" standard—acknowledging that evidence of a conflict of interest is a relevant factor in the degree of deference accorded—is the appropriate standard of review in examining the present appeal.

Mr. Guenther, however, asserts that "[t]here is a strong basis for applying de novo review as to the main issue in the case." See Pl's Opp'n to Def.'s Mot. for Summ. Adjudication Re Applicable Standard of Rev. at 11. The only law to which Mr. Guenther cites in support of this proposition is Spink v. Lockheed Corp., 125 F.3d 1257 (9th Cir. 2007), which applied the federal common law principle of equitable estoppel in a similar case. In order to apply equitable estoppel in an ERISA action, a plaintiff must allege (1) a material misrepresentation, (2) reasonable and detrimental reliance upon that representation, (3) extraordinary circumstances, (4) that the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect, and finally, (5) that representations were made involving an oral interpretation of the plan. Id. (citing Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996). In Spink, the Ninth Circuit acknowledged that the plaintiff had alleged and properly pled the elements of equitable estoppel. Id. at 1262. That is not the case here. Mr. Guenther has alleged only two causes of action: a first claim under 29 U.S.C. § 1132(a) to recover benefits or clarify rights under a retirement plan governed by ERISA; and a second claim for breach of contract. See Amended Compl. at 5, Docket Item No. 8. The Court previously dismissed the claim for breach of contract as pre-empted by ERISA. See Order on Mot. to Dismiss at 2, Docket Item No. 37. Nowhere in previous pleadings did Mr. Guenther state a claim that equitable estoppel should apply. See Docket Item Nos. 1 – 46. The deadline for amending the Complaint has passed; Lockheed has opposed, and the Court has denied, any further attempt to amend the Complaint. See

---

[3] Indeed, this Court has previously ruled that the Plan grants the necessary authority over term construction and determination of individual eligibility to enjoy "abuse of discretion" review under ERISA. See Nalbandian v. Lockheed Martin Corp., No. 10-CV-1242 LHK, 2011 WL 3881473, at *4 (N.D. Cal. Sept. 1, 2011).

Docket Item No. 49 at 2-5; Minute Order of May 17, 2013, Docket Item No. 53 ("The court denies [the] request to amend 1st amended complaint to add additional cause of action."). Under these circumstances, equitable estoppel cannot apply.[4]

Accordingly, the Court determines that the "abuse of discretion" standard of review applies in this case.

### B. Limitation of Evidence to the Administrative Record

The "abuse of discretion" standard of review in an action arising under ERISA ordinarily limits evidence to the administrative record. Abatie, 458 F.3d at 970. A court may, at its discretion, expand discovery beyond the administrative record where there is evidence or allegation of a conflict of interest. Burke v Pitney Bowes, Inc. Long-Term Disability Plan, 544 F.3d 1016, 1028 (9th Cir. 2008) (A district court "may consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." (emphasis added)). In the absence of such an allegation, courts are reluctant to expand discovery in this fashion. See Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 120 (2008) (Roberts, C.J., concurring). Where a plan's administrator or other fiduciary is also the source of funding for plan benefits, a structural conflict of interest exists. Id. at 105-06.

Here, a structural conflict of interest exists because Lockheed both funds and administers the Plan. As previously stated, this factor will weigh as a factor in the degree of deference afforded the decisions of the Administrator and the Committee. Firestone, 489 U.S. at 115. However, this structural conflict of interest does not, by itself, require the admission of evidence outside the administrative record because such structural conflicts of interest are "simple and commonplace." Guthrie v. Nat'l Rural Elec. Coop. Assn. Long-Term Disability Plan, 509 F.3d 644, 650 (4th Cir. 2007) (quoting Colucci v. Agfa Corp. Severance Pay Plan, 431 F.3d 170, 179 (4th Cir. 2005)); Hall v. UNUM Life Ins. Co., 300 F.3d 1197, 1205 (10th Cir. 2002) (declining admission of additional evidence on review in light of "commonplace" structural conflict of interest).

For this reason, the Court's review in this case will be limited to the administrative record.

---

[4] Mr. Guenther specifically could have alleged a cause of action under 29 U.S.C. § 1132(a)(3), which authorizes "appropriate equitable relief." This he did not do.

7

Case No.: 5:11-cv-00380 EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION

### C. Admissibility of Evidence of a Conflict of Interest

As noted, a court may, at its discretion, expand discovery beyond the administrative record if a plaintiff alleges a conflict of interest. Burke, 554 F.3d at 1028. Here, the only evidence of a conflict of interest is the fact that a structural conflict of interest is apparent from the Plan's design. The Complaint, however, contains no specific allegation of any conflict of interest beyond the structural conflict of interest inherent in the Plan's design. The Court is therefore reluctant to expand discovery beyond the administrative record and declines to do so. Glenn, 554 U.S. at 120.

Accordingly, the Court limits the admission of evidence of a conflict of interest to the administrative record.

## IV. Conclusion

For the foregoing reasons, the court GRANTS Defendants' Motion for Summary Adjudication.

**IT IS SO ORDERED**

Dated: October 1, 2013



EDWARD J. DAVILA
United States District Judge