UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES GUENTHER,<br><br>   Plaintiff,<br><br>   v.<br><br>LOCKHEED MARTIN CORPORATION, et al.,<br><br>   Defendants. | Case No. 5:11-cv-00380-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 117 |

In the latest iteration of this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), Plaintiff Charles Guenther ("Plaintiff") alleges in a Second Amended Complaint ("SAC") that Defendants Lockheed Martin Corporation ("Lockheed") and Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees (collectively, "Defendants") breached a fiduciary duty to make accurate and correct representations concerning his ability to "bridge" prior employment service credit with future service credit.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331 and 1132(e). Presently before the court is Defendants' Motion to Dismiss the SAC as time-barred (Dkt. No. 117), which Plaintiff opposes. This matter is suitable for decision without oral argument, and the hearing scheduled for March 16, 2017, will be vacated. Civ. L.R. 7-1(b).

Although Defendant's position on the statute of limitations represents one possible resolution of this case in its current form, it ultimately fails to achieve dismissal under the Rule 12(b)(6) standard. Thus, Defendants' motion will be denied for the reasons explained below.

## I. BACKGROUND

### A. Current Factual Allegations

Plaintiff alleges he had two prior periods of employment with Lockheed, from 1983 to 1991 and from 1997 to 2001. SAC, at ¶ 4. Before he was rehired in 1997, Plaintiff informed Lockheed that "his top priority was bridging his service for purposes of pension eligibility." Id.

In 2006, Plaintiff was contacted by Lockheed to resume another period of employment at the company. Id. at ¶ 5. Plaintiff alleges that, as before, one of his "key conditions" to returning was that "his prior service be bridged so that he could receive the full benefit of the company's defined benefit retirement plan in which he had already accumulated many years of service. Id. at ¶ 6. Lockheed recruiters indicated that it was possible for Plaintiff to bridge service, but that he would need to submit a form which was provided to him. Id. According to Plaintiff, the form stated: "If your request is approved, the date you submit this application is the effective date that your current period of service will bridge with your prior service. Id. at ¶ 7.

Plaintiff alleges he submitted the form on July 17, 2006, in the manner instructed. Id. Lockheed responded in writing on July 25, 2016, stating: "Since you were vested in a pension benefit provided by the Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees, your prior period of Lockheed/Lockheed Martin service will be bridged with your proposed current Lockheed Martin service." Id. at ¶ 8, Ex. A. Based on Lockheed's written and oral representations and from the treatment of his 1997 re-hire, Plaintiff alleges he "reasonably concluded . . . that he would continue in the Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees." Id. at ¶ 9. He states that no other plan was brought to his attention. Id.

Plaintiff rejoined Lockheed on September 11, 2006. Id. at ¶ 11. In November, 2006, he received another letter from Lockheed, this time stating the following, in pertinent part: "It should be noted that because you are not currently participating in a Lockheed Martin defined benefit pension plan, you are not entitled to a pension benefit from Lockheed Martin for your current period of service." Id. at ¶ 12, Ex. B. Plaintiff attempted to receive clarification of this statement

in various ways between 2006 and 2010 but was unsuccessful. Id. at ¶¶ 13-23.

Plaintiff alleges he submitted a claim for benefits to the Plan on April 20, 2012, which the Plan denied on June 6, 2012. Id. at ¶ 26. Plaintiff appealed from the decision, which was also denied. Id. at ¶ 30.

### B.  Procedural History

Plaintiff initiated this action in Santa Clara County Superior Court on November 8, 2010, and Defendants removed it to this court on January 26, 2011. Plaintiff's original and First Amended Complaints asserted two causes of action, one under ERISA (29 U.S.C. § 1132(a)(1)(B)), and one for breach of contract. The court dismissed the breach of contract claim with prejudice, but stayed the remainder of the case so that Plaintiff could exhaust an administrative appeal. Dkt. No. 37.

The stay was extinguished on November 30, 2012 (Dkt. No. 43), and Defendants filed motions for summary judgment and adjudication. The court granted both motions, determining that Defendants' decision to deny Plaintiff "bridging" benefits was not an abuse of discretion and that Plaintiff had not proven equitable estoppel. Dkt. Nos. 84, 89.

Plaintiff appealed from the ensuing judgment, and the Ninth Circuit affirmed in part and vacated in part. Dkt. No. 103. Specifically, the Ninth Circuit confirmed that Defendants were entitled to summary judgment on Plaintiff's ERISA claim and on any claim for equitable estoppel. However, the Ninth Circuit also held that Plaintiff alleged sufficient facts to make out a claim under another section of ERISA, 29 U.S.C. § 1132(a)(3), and vacated the judgment on that ground. The Ninth Circuit remanded the action to this court "to consider whether Defendants breached a fiduciary duty and, if so, whether [Plaintiff] is entitled to surcharge as a remedy."

Upon return to the district court, Plaintiff filed the SAC on December 12, 2016. He now asserts one cause of action for breach of fiduciary duty and, consistent with the Ninth Circuit's opinion, seeks the equitable remedy of surcharge. This motion followed.

### II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57.  A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).  Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

**III.   DISCUSSION**

**A.   General Authority Applicable to the § 1132(a)(3) Cause of Action**

"ERISA protects employee pensions and other benefits by providing insurance . . ., specifying certain plan characteristics in detail . . ., and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." Varity Corp. v. Howe, 516 U.S. 489, 496 (2011).  For the latter category, ERISA requires a plan fiduciary to discharge duties "solely in the interest of the participants and beneficiaries," with the "exclusive

purpose" of providing benefits and defraying reasonable administration expenses. 29 U.S.C. § 1104(a)(1)(A). With those goals in mind, ERISA mandates fiduciaries act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B).

Fiduciaries who breach their statutory duties imposed can be "personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1109(a). Consequently, ERISA permits participants, beneficiaries or fiduciaries to bring an action against a plan to enjoin any act or practice which violates ERISA or the plan terms, or to obtain "other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). These "'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations" that cannot be remedied through other sections of ERISA. Varity Corp., 516 U.S. at 512.

As noted, the SAC contains only one cause of action for breach of fiduciary duty under § 1132(a)(3). In addition to the factual allegations recited above, Plaintiff contends in support of the claim that Defendants had a fiduciary duty to him "as a vested participant to make accurate and correct representations concerning his ability to obtain service credit under the Plan after rehire," and that Defendants breached this duty when they did not disclose a 2005 plan amendment barring him from obtaining additional service credit. SAC, at ¶¶ 34-37.

### B.   Statute of Limitations

A statute of limitations defense may be raised by a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Such a motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Id.

Claims under ERISA are generally subject to the three-year statute of limitations provided

by 29 U.S.C. § 1113, which begins to run "after the earliest date on which the plaintiff had actual knowledge of the breach or violation." The Ninth Circuit employs a two-step analysis to determine a claim's accrual date under § 1113: "first, when did the alleged 'breach or violation' occur; and second, when did [the plaintiff] have 'actual knowledge' of the breach or violation?" Ziegler v. Conn. Gen. Life Ins. Co., 916 F.2d 548, 550 (9th Cir. 1990). Importantly, however, "an ERISA plaintiff's cause of action cannot accrue and the statute of limitations cannot begin to run until the plaintiff has actual knowledge of the breach, regardless of when the breach actually occurred." Id. at 552.

Additionally, it is important to observe that § 1113 contains an exception to the three-year statute of limitations for ERISA claims involving fraud or concealment, which "applies the federal common law discovery rule to ERISA breach of fiduciary duty claims." Kurz v. Phila. Elec. Co., 96 F.3d 1544, 1552 (3d Cir. 1996). Those claims must be "commenced not later than six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113. A fiduciary can engage in "fraud or concealment" for the purposes of the six-year statute "either by misrepresenting the significance of facts the beneficiary is aware of (fraud) or by hiding facts so that the beneficiary never becomes aware of them (concealment)." Radiology Ctr., S.C. v. Stifel, Nicolaus & Co., 919 F.2d 1216, 1220 (7th Cir. 1990); accord Barker v. Am. Mobil Power Corp., 64 F.3d 1397, 1401 (9th Cir. 1995) (holding the fraud and concealment exception applies if the fiduciary "made knowingly false misrepresentations with the intent to defraud" or took "affirmative steps . . . to conceal any alleged fiduciary breaches"). Put another way, the three- year statute of limitations may be tolled under the exception "only if the plaintiff establishes affirmative conduct upon the part of the defendant which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." Barker, 64 F.3d at 1402. But the exception will not apply if the plaintiff only invokes proof of the underlying breach of fiduciary duty. Yamauchi v. Cotterman, 84 F. Supp. 3d 993, 1006 (N.D. Cal. 2015).

### C.  Application

Defendants argue the SAC's § 1132(a)(3) cause of action is time-barred under § 1113's

three-year statute of limitations.[1] To that end, they argue the claim accrued when Plaintiff received the second letter from Lockheed in November, 2006, because this communication "unequivocally" informed Plaintiff that he would not accrue additional benefits for his current employment term. Based on that date, Defendants contend the limitations period expired in 2009, approximately one year before Plaintiff initiated this case in 2010. Thus, under Defendant's reading of the SAC, Plaintiff had "actual knowledge" of the breach on the same day the breach occurred, in November, 2006.

For his part, Plaintiff asserts the § 1132(a)(3) claim is not untimely because the three-year statute of limitations is tolled to six years under the fraud and concealment exception. He argues that the "centerpiece" of this case post-remand case is allegations of fraudulent conduct by Lockheed, such that the "critical question" to his claim is whether Defendants concealed a 2005 plan amendment and misrepresented Plaintiff's ability to "accrue additional service credit when they affirmatively represented, after his specific request, that they would be bridging his service credit." Alternatively, Plaintiff argues that if the three-year statute of limitations does apply, then he did not have actual knowledge of the Lockheed's breach of fiduciary duty until he was actually advised of the 2005 plan amendment, which apparently did not occur until after this lawsuit was filed.

As Defendants recognize, Plaintiff's argument is misplaced to the extent he advocates for application of § 1113's "fraud and concealment" exception based solely on allegations constituting

---

[1] Plaintiff's argument that Defendants waived a statute of limitations defense by failing to raise it previously is unpersuasive. While Federal Rules of Civil Procedure 8(c) and 12 require that defenses like the statute of limitations be included in a responsive pleading, those rules do not bar Defendants from raising the defense now because Plaintiff had not asserted a breach of fiduciary duty claim under ERISA until he filed the SAC post-remand. Thus, Defendants had no reason to assert § 1113's three-year statute of limitations in response to Plaintiff's prior complaints.

Similarly, the administrative process that occurred while this case was stayed did not function to waive the defense. That process was necessary for Plaintiff to exhaust a claim for benefits under 29 U.S.C.S. § 1132(a)(1)(B). Breach of fiduciary duty claims under ERISA, however, do not require administrative exhaustion (Fujikawa v. Gushiken, 823 F.2d 1341, 1345 (9th Cir. 1987)), and nothing suggests that Plaintiff submitted that claim - which had not yet been asserted in this action - to the plan administrator for a decision. As such, there was no basis for the administrator to specify the § 1113 statute of limitations in its denial of Plaintiff's claim.

7
Case No.: 5:11-cv-00380-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

his claim for breach of fiduciary duty.  Indeed, by focusing on what he terms is the "centerpiece" of this case in order to justify the six-year statute of limitations, Plaintiff has imported from the SAC the same facts that allegedly make out his § 1132(a)(3) cause of action.  That is not enough to invoke the exception.  Yamauchi, 84 F. Supp. 3d at 1006.

This deficiency in Plaintiff's argument notwithstanding, the court concludes based on different allegations from the SAC that the motion to dismiss must be denied.  Assuming without actually deciding at this time that Plaintiff had actual knowledge of Defendants' purported breach when he received the second letter in November, 2006, Plaintiff has included sufficient additional facts which, if ultimately proven accurate after an investigation of the facts, could render his claim subject to § 1113's six year statute of limitations and, therefore, timely-filed.  Plaintiff alleges that after receiving the November, 2006 letter, he was told by Lockheed that the "bridging" issue was handled by a benefits service provider.  SAC, at ¶ 14.  This information was apparently incorrect, since Plaintiff was later informed by the provider that he should contact Lockheed - again.  Id.  He attempted to do so several times but did not receive a response.  Id. at ¶¶ 15-16.  When Plaintiff was finally able to speak to one of Lockheed's human relations representatives, he was told that Lockheed would try to "improve the wording" of its correspondence but did not receive any information about the "bridging" issue.  Id. at ¶ 17.  Plaintiff continued his effort to obtain information on other occasions in 2010, but they proved fruitless.  Id. at ¶¶ 19-20.

These allegations, when construed in the light most favorable to Plaintiff, could plausibly constitute "affirmative conduct" which would "lead a reasonable person to believe that he did not have a claim for relief."  Barker, 64 F.3d at 1402.  By sending Plaintiff two seemingly inconsistent letters in the span of three months and then failing to respond to Plaintiff's several requests for information or clarification as to which letter was accurate, Lockheed may have engaged in acts to conceal the true information concerning Plaintiff's inability to "bridge" his former and future service credits and thereby obstruct the discovery of the breach of fiduciary duty that forms the basis of Plaintiff's § 1132(a)(3) claim.

In sum, a final determination on which portion of § 1113 applies to the breach of fiduciary

8

Case No.: 5:11-cv-00380-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS

1  duty claim cannot be made until the parties have investigated the factual basis for Plaintiff's
2  allegations.  Because the face of the SAC does not disclose that its sole cause of action is barred
3  by the three-year statute of limitations, Defendants' Motion to Dismiss must be denied.

### IV.   ORDER

Based on the foregoing, Defendants' Motion to Dismiss (Dkt. No. 117) is DENIED.  The hearing scheduled for March 16, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated:  March 14, 2017



EDWARD J. DAVILA
United States District Judge