United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES GUENTHER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LOCKHEED MARTIN CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 5:11-cv-00380-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 133 |

After a remand from the Ninth Circuit, Plaintiff Charles Guenther ("Plaintiff") alleges in this action that Defendants Lockheed Martin Corporation and Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees (the "Plan")[1] breached a fiduciary duty in violation the Employee Retirement Income Security Act of 1974 ("ERISA") by failing to make accurate representations concerning Plaintiff's ability to "bridge" prior employment service credit with future service credit.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331 and 1132(e). Presently before the court is Lockheed's Motion for Summary Judgment (Dkt. No. 133), which Plaintiff opposes.

Lockheed has successfully shown that Plaintiff's sole claim is barred by ERISA's three year statute of limitations, and Plaintiff has not satisfied his responsive burden to produce evidence on which a reasonable factfinder could conclude otherwise. Thus, Lockheed is entitled to summary judgment for the reasons explained below.

---

[1] Both Lockheed Martin Corporation and the Plan are referred to collectively as "Lockheed" in this order.

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
1

## I. BACKGROUND

### A. Factual Background

After two prior employment periods, Plaintiff began his most recent period of employment with Lockheed on September 11, 2006. Depo. of Charles F. Guenther ("Guenther Depo."), Dkt. No. 134, at 16:21-23; 124:17-19. It is undisputed that this period commenced after the Plan had been amended in 2005, effective January 1, 2006, to unambiguously state that "no person who is re-employed by [Lockheed] on or after January 1, 2006, shall become an active Participant or earn Credited Service under the Plan with respect to any period commencing with such reemployment."

Before Plaintiff was re-hired, he heard a "rumor" that "Lockheed was going to be changing around their plan." Id. at 59:13-20; 121:21-122:5. On February 22, 2006, Plaintiff sent an email to Lockheed engineering manager Errol Modine in which he wrote the following, in pertinent part:

> [Department of Energy] is rebidding contracts for the laboratories. Lawrence Berkeley National Laboratory (LBNL) was awarded back to the University of California over a year or so ago. Los Alamos National Laboratory (LANL) was recently awarded to a team consisting of Bechtel, University of California, and several other lesser companies in terms of percentage involvement. Lawrence Livermore National Laboratory (LLNL) is to go out for bids later this year early next with contract award to take place some time next year. At issue for most of the vested employees is the potential for changes to the retirement system. Based on LANL information, any changes to the retirement system should not affect current retirees and have minimal impact, at this time, on employees currently vested in the retirement system. The changes at LANL seem to be similar to those made at [Lockheed] in the sense that the significant changes will affect new employees or those coming back into the laboratory.

Decl. of Clarissa A. Kang ("Kang Decl."), at Ex. K.

Though Modine and Plaintiff engaged in an exchange of messages after the February 22nd email, Modine never commented on whether Plaintiff accurately described changes to Lockheed's retirement plan. Id. Plaintiff did know, however, that Modine was not involved in human resources at Lockheed and did not have authority to speak on behalf of the Plan. Guenther Depo., at 122:6-8.

During Plaintiff's subsequent interview at Lockheed, he met with a human resources representative and asked if Lockheed was "bridging service." Id. at 112:13-15. In response,

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
2

Plaintiff was given a "bridging form." Id. at 112:16-21; Kang Decl., at Ex. F. The form was entitled "Application for Bridging of Prior Service" and stated as follows:

> If you have prior service with Lockheed, Martin Marietta, General Electric, General Dynamics, Loral, Comsat or a company acquired by one of these companies, you may be eligible to have your prior service bridged with your current period of employment. If you have periods of service that you believe may be eligible for bridging, please complete the information below. You should receive a written decision within 60 days.
>
> …
>
> The determination of whether an employee's service will be bridged for pension or other purposes is dependent upon the employee's work history, ERISA regulations, the provisions of the pension plans, merger agreements and Company policies.

Kang Decl., at Ex G.

Plaintiff completed and submitted the bridging application on July 17, 2006. Id. That same day, Lockheed made an employment offer to Plaintiff, and Plaintiff made a counter-offer to request a higher salary and signing bonus. Depo. of Christy Lim Yee ("Lim Yee Depo"), Dkt. No. 143, at 28:24-29:7. Lockheed made a revised offer on July 25, 2006, which Plaintiff accepted. Id.; Kang Decl., at Ex. H. He signed the acceptance letter and dated it "7-25-06." Kang Decl., at Ex. H.

Plaintiff received a letter by regular mail from Lockheed in response to his bridging application, also dated July 25, 2006. Assuming a rehire date of July 31, 2006, the July 25th letter stated, in pertinent part:

> Since you were vested in a pension benefit provided by the Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees, your prior periods of Lockheed/Lockheed Martin service will be bridged with your proposed Lockheed Martin service.
>
> …
>
> It should be noted that if you are rehired by Lockheed Martin, you will need to submit a new Application for Bridging of Prior Service to ensure that any necessary adjustments to your employment service date and pension records are made.

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
3

Kang Decl., at Ex. I.

Based on the July 25th letter and his understanding of the term "bridging," Plaintiff concluded he would continue to participate in the Plan and earn additional credited service for his prior employment if he returned to Lockheed. Guenther Depo., at 47:6-48:7; 115:4-14. Other than the July 25th letter, Plaintiff does not recall any other communications stating he would receive credited service under the Plan. Id. at 48:4-7.

After re-starting employment with Lockheed in September, 2006, Plaintiff submitted a new bridging application, dated September 14, 2006, to account for his actual start date as instructed by the July 25th letter. Kang Decl., at Ex. J. Plaintiff also began checking his online pension account but did not see any additional accumulation of credited service. Guenther Depo., at 29:25-31:12

Plaintiff received a letter from Lockheed dated November 7, 2006, in response to his September 14th bridging application. This letter stated as follows, in pertinent part:

> For purposes of determining whether your prior periods of Lockheed/Lockheed Martin service will be bridged with your current period of employment, your rehire date is September 11, 2006. Since you were vested in a pension benefit provided by the Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees, your prior periods of Lockheed/Lockheed Martin service will be bridged with your current Lockheed Martin service. Consequently, your accrued benefit under the Capital Accumulation Plan has immediately become vested because the combined total of your Lockheed Martin controlled group service exceeds five years.
>
> It should be noted that because you are not currently participating in a Lockheed Martin defined benefit pension plan, you are not entitled to a pension benefit from Lockheed Martin for your current period of service.

Kang Decl., at Ex. J.

Plaintiff did not understand he was not "in the pension fund" until he received the November 7th letter. Guenther Depo., at 35:6-11. He contacted Laurie Coomer from Lockheed Martin human resources in 2007 to ask about the July 25th and November 7th letters. Id. at 81:9-12; 82:17-19. Coomer thanked Plaintiff for bringing the letters to her attention and stated that Lockheed would try to be more clear in the future. Id. at 81:13-15. Coomer did not tell Plaintiff

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
4

he would be able to participate in the pension plan for his new period of employment. Id. at 81:16-23.

Plaintiff also raised the letters with Lockheed engineering manager Eric Escola in 2009, and with a co-worker in 2009 or 2010. Id. at 86:17-25. Escola did not comment on the letters and instead gave Plaintiff the impression that Escola should not provide an explanation. Id. at 81:24-82:8. The coworker told Plaintiff he had received similar letters concerning service "bridging." Id. at 83:19-84:4.

### B.  Procedural Background

Plaintiff initiated this action in Santa Clara County Superior Court on November 8, 2010, and Lockheed removed it to this court on January 26, 2011. Plaintiff's original and First Amended Complaints asserted two causes of action, one under ERISA (29 U.S.C. § 1132(a)(1)(B)), and one for breach of contract. The court dismissed the breach of contract claim with prejudice, but stayed the remainder of the case so that Plaintiff could exhaust an administrative appeal. Dkt. No. 37.

The stay was extinguished on November 30, 2012 (Dkt. No. 43), and Lockheed filed motions for summary judgment and adjudication. The court granted both motions, determining that Lockheed's decision to deny Plaintiff "bridging" benefits was not an abuse of discretion and that Plaintiff had not proven equitable estoppel. Dkt. Nos. 84, 89.

Plaintiff appealed from the ensuing judgment, and the Ninth Circuit affirmed in part and vacated in part. Dkt. No. 103. Specifically, the Ninth Circuit confirmed that Lockheed was entitled to summary judgment on Plaintiff's ERISA claim and on any claim for equitable estoppel. However, the Ninth Circuit also held that Plaintiff alleged sufficient facts to make out a claim under another, previously-unasserted section of ERISA, 29 U.S.C. § 1132(a)(3), and vacated the judgment on that ground. The Ninth Circuit remanded the action to this court "to consider whether [Lockheed] breached a fiduciary duty and, if so, whether [Plaintiff] is entitled to surcharge as a remedy."

Upon return to the district court, Plaintiff filed a Second Amended Complaint ("SAC") on

December 12, 2016, asserting one cause of action for breach of fiduciary duty and seeking the equitable remedy of surcharge. Dkt. No. 116. The court denied Lockheed's motion to dismiss that pleading. Dkt. No. 131. This motion followed.

## II. LEGAL STANDARD

A motion for summary judgment or partial summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the issue is one on which the nonmoving party must bear the burden of proof at trial, the moving party need only point out an absence of evidence supporting the claim; it does not need to disprove its opponent's claim. Id. at 325.

If the moving party meets the initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324. A "genuine issue" for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. Id. ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c).

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
6

"If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." Id.

**III. DISCUSSION**

As noted, Plaintiff asserts one cause of action for breach of fiduciary duty. The SAC is based on the theory that Lockheed owed Plaintiff a fiduciary duty "as a vested participant to make accurate and correct representations concerning his ability to obtain service credit under the Plan after rehire," and that Lockheed breached that duty when it did not disclose the 2005 plan amendment barring him from "bridging" additional service credit. SAC, at ¶¶ 34-37. Lockheed argues there is no dispute of material fact that Plaintiff's cause of action is untimely. On this record, the court agrees.

**A. Governing Authority**

"ERISA protects employee pensions and other benefits by providing insurance . . . , specifying certain plan characteristics in detail . . . , and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." Varity Corp. v. Howe, 516 U.S. 489, 496 (2011). For the latter category, ERISA requires a plan fiduciary to discharge duties "solely in the interest of the participants and beneficiaries," with the "exclusive purpose" of providing benefits and defraying reasonable administration expenses. 29 U.S.C. § 1104(a)(1)(A). With those goals in mind, ERISA mandates fiduciaries act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B).

Fiduciaries who breach their statutory duties can be "personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary,

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
7

and shall be subject to such other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1109(a). Consequently, ERISA permits participants, beneficiaries or fiduciaries to bring an action against a plan to enjoin any act or practice which violates ERISA or the plan terms, or to obtain "other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). These "'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations" that cannot be remedied through other sections of ERISA. Varity Corp., 516 U.S. at 512.

### B. Statute of Limitations

Claims under ERISA are generally subject to the three-year statute of limitations provided by 29 U.S.C. § 1113, which begins to run "after the earliest date on which the plaintiff had actual knowledge of the breach or violation." The Ninth Circuit employs a two-step analysis to determine a claim's accrual date under § 1113: "first, when did the alleged 'breach or violation' occur; and second, when did [the plaintiff] have 'actual knowledge' of the breach or violation?" Ziegler v. Conn. Gen. Life Ins. Co., 916 F.2d 548, 550 (9th Cir. 1990). Importantly, however, "an ERISA plaintiff's cause of action cannot accrue and the statute of limitations cannot begin to run until the plaintiff has actual knowledge of the breach, regardless of when the breach actually occurred." Id. at 552; Landwehr v. DuPree, 72 F.3d 726, 732 (9th Cir. 1995) ("[T]he limitations period in an ERISA action begins to run on the date that the person bringing suit learns of the breach or violation.").

Additionally, it is important to observe that § 1113 contains an exception to the three-year statute of limitations for ERISA claims involving fraud or concealment, which "applies the federal common law discovery rule to ERISA breach of fiduciary duty claims." Kurz v. Phila. Elec. Co., 96 F.3d 1544, 1552 (3d Cir. 1996). Those claims must be "commenced not later than six years after the date of discovery of such breach or violation." 29 U.S.C. § 1113. A fiduciary can engage in "fraud or concealment" for the purposes of the six-year statute "either by misrepresenting the significance of facts the beneficiary is aware of (fraud) or by hiding facts so that the beneficiary never becomes aware of them (concealment)." Radiology Ctr., S.C. v. Stifel, Nicolaus & Co., 919

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
8

F.2d 1216, 1220 (7th Cir. 1990); accord Barker v. Am. Mobil Power Corp., 64 F.3d 1397, 1401 (9th Cir. 1995) (holding the fraud and concealment exception applies if the fiduciary "made knowingly false misrepresentations with the intent to defraud" or took "affirmative steps . . . to conceal any alleged fiduciary breaches").

### C. Application

#### i. The Three-Year Statute of Limitations

Lockheed argues § 1113's three-year statute of limitations precludes Plaintiff's cause of action for breach of fiduciary duty. Since a statute of limitations is properly raised as an affirmative defense, Lockheed must bear the burden of proving there is no dispute of material fact that Plaintiff filed outside the permissible period. See Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1122 (9th Cir. 2007). Lockheed attempts to do so by showing (1) the alleged breach of fiduciary duty occurred no later than July, 2006, when Lockheed did not disclose in its letter to Plaintiff the 2005 plan changes and its effect on Plaintiff's pension rights upon re-hire, and (2) Plaintiff had actual knowledge of the breach in November, 2006, when he received the second letter from Lockheed. The record supports these contentions.

##### a. The Date of the Violation

As to the first issue, the violation underlying Plaintiff's claim must be isolated and defined. Ziegler, 916 F.2d at 550-51. In doing so, the court observes that "an ERISA plaintiff may prosecute a plan fiduciary who fails to perform for the exclusive benefit of participants and their beneficiaries regardless of cost or loss to the participants and their beneficiaries. Id. at 551. The date on which a plaintiff suffered harm is irrelevant, "except as the circumstances may shed light on when [the plaintiff] gained actual knowledge of the alleged breach or violation." Id. at 552.

Here, Plaintiff's breach claim is based on the contention that Lockheed failed to disclose a 2005 plan amendment that excluded rehired employees from accruing additional credited service for pension benefits, and failed to provide accurate information concerning the amendment's effect on him. Thus, the relevant violation occurred, at the earliest, on the date the plan was amended in 2005 or when it became effective in 2006, but was not also disclosed to Plaintiff.

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
9

Indeed, Plaintiff's own expert opines that Lockheed had a fiduciary obligation to notify Plaintiff of the change even though he was not employed by Lockheed in 2005. Decl. of Mark Johnson, Dkt. No. 141, at ¶ 19.

At the latest, the underlying violation occurred on July 25, 2006, when, in response to Plaintiff's request for information, Lockheed sent Plaintiff a letter stating his prior years of service would be "bridged" with a new term of employment, even though the 2005 plan amendment stated otherwise. The parties agree this date is a relevant one for determining the date of alleged breach, though they frame it differently in their pleadings. Defs.' Mot., Dkt. No. 133, at 13:24-25 (describing the July 25th letter as "the alleged violation" and "the alleged misrepresentation"); Pl.'s Opp'n, Dkt. No. 137, at 13:12-16 (describing the July 25th letter as a "separate affirmative act of fraud" that "completely concealed Lockheed's illegal failure to disclose the Plan Amendment").

Plaintiff suggests that additional violations continued to occur after July 25, 2006. To that end, he argues that "the underlying breaches of fiduciary duty occurred both prior to and after the July 25, 2006 letter," and that from "November 2006 to October 2010, Lockheed continued to conceal the real reason for the denial letter despite [Plaintiff's] repeated attempts to find out whether the grant letter of July 2006 was correct." But the Ninth Circuit has held that once a plaintiff knows of one breach in a series of like breaches, "awareness of the later breaches would impart nothing new." Phillips v. Alaska Hotel & Rest. Emps. Pension Fund, 944 F.2d 509, 520 (9th Cir. 1991). Consequently, the § 1113 statute of limitations begins to run from the earliest date on which a plaintiff became aware of any breach. Id. Since it will be established below that Plaintiff knew the July 25th letter constituted a breach no later than November, 2006, the court rejects the implicit argument that Lockheed's alleged failure to disclose the 2005 plan amendment after July 25, 2006, somehow constitutes a series of ongoing breaches or a "continuing violation" that precluded expiration of the statute of limitations.

In sum, Lockheed has satisfied its burden to show that the underlying violation occurred no later than July 25, 2006, and Plaintiff did not submit sufficient counter-evidence to materially

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

10

1  dispute that fact.

### b. Plaintiff's Actual Knowledge

Having isolated and defined the breach, the court must now determine when Plaintiff had actual knowledge of it. "This inquiry is . . . entirely factual, requiring examination of the record." Ziegler, 916 F.2d at 552. For the purposes of applying § 1113's statute of limitations, "actual knowledge" is deemed imparted, and the claim accrues, once the individual knows of the violation and knows of its harmful effect. See id.

Lockheed argues Plaintiff had "actual knowledge" of the breach underlying his claim in November, 2006, when he received the letter from Lockheed informing him he would not receive additional credited service under the Plan. In support, Lockheed points out that Plaintiff understood the November 7th letter when he received it (Guenther Depo, at 120:3-6), that he agreed the letter stated he was not entitled to a pension benefit for his period of re-employment with Lockheed (Id. at 35:2-11; 35:20-22; 81:3-6), and that the November 7th letter was "[c]ompletely opposite of the first letter," in reference to the July 25th letter (Id. at 81:8). Lockheed also points out that Plaintiff checked his online pension account after he became re-employed in September, 2006, but did not see any additional accumulation of credited service. Id. at 30:21-31:22. Based on these statements, the court finds that Lockheed has met its initial burden to establish the date of Plaintiff's "actual knowledge." The evidence shows that, by the time he received the November 7th letter, Plaintiff knew the July 25th letter contained an inaccuracy, and knew he was being harmed by not accruing additional service credit.

In response, Plaintiff must produce evidence to show the date of "actual knowledge" is a genuinely disputed fact. He has not done so.

Plaintiff first argues the November 7th letter did not provide him information sufficient to understand he would not receive service credit for his re-employment. As Plaintiff puts it, the November 7th letter did not "inform [Plaintiff] that the Plan had been amended so that he could no longer accrue service credit on rehire," did not "state that the amendment took place in 2005, before any of the negotiations leading up to his rehire," and "did not accurately reflect the facts."

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
11

United States District Court
Northern District of California

Plaintiff relies on statements made at his deposition which describe his attempts to determine whether he was entitled to additional service credit. But neither this argument, nor the evidence cited, creates a genuine issue of fact as to the date of Plaintiff's "actual knowledge." Though Plaintiff faults the November 7th letter for not imparting more information about the 2005 plan amendment or for insinuating he was not a pension participant, such information is beside the point; Plaintiff unequivocally stated he understood the November 7th letter to mean he was not entitled to a pension benefit on re-employment with Lockheed, and he knew from his online account he was not accruing credit. See Meagher v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan, 856 F.2d 1418, 1423 (9th Cir. 1988) ("We have held that the statute of limitations is triggered by [a claimant's] knowledge of the transaction that constituted the alleged violation, not by [his] knowledge of the law."). That Plaintiff felt it necessary to make further inquiry about the state of his pension benefits only reinforces the conclusion that Plaintiff had actual notice of the violation when he received the November 7th letter.

Moreover, disclosure of the 2005 plan amendment was not necessary for Plaintiff's breach claim to accrue in any event. Plaintiff does not contend the amendment itself constituted an ERISA violation. Rather, Plaintiff contends Lockheed caused him harm by allegedly failing to notify him about its *effect* on his pension benefits before he agreed to accept a new position. SAC, at ¶ 4 ("[Plaintiff] agreed to return only after Lockheed Martin informed him that bridging his service would not be a problem."); ¶ 25 ("If [Plaintiff] had thought the only effect of bridging service would be to slightly accelerate his participation in the Capital Accumulation Plan . . . he would never have left his steady job with LLNL."). The November 7th letter related the effect of the 2005 plan amendment, and Plaintiff stated he understood it.

Plaintiff also appears to rely on his declaration, submitted with the opposition to this motion, in which he states the November 7th letter did not provide "actual knowledge of the facts related to Lockheed's breach of fiduciary duty," and suggests he had no reason to believe the November 7th letter was accurate over the July 25th letter. But, as Plaintiff understands the letters, one must have contained an inaccuracy since the information about Plaintiff's right to

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
12

"bridge" service cannot be reconciled between them. Either way, Plaintiff had actual knowledge of the discrepancy by November 7, 2006, at the latest.

On this record, there is no dispute of material fact that Plaintiff had actual knowledge of the breach underlying his claim by November 7, 2006. Applying the § 1113's three-year statute of limitations, Plaintiff should have asserted the claim by November, 2009. Since it can only relate back to the date the original complaint was filed on November 8, 2010, the breach of fiduciary duty claim is untimely. See Asarco, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2013) ("[A]n amendment asserting a new or changed claim relates back to the date of the original pleading if the amendment 'arose out of the conduct, transaction, or occurrence set out . . . in the original pleading.'").

### ii. The Six Year Statute of Limitations

Plaintiff argues his claim is not barred by § 1113's three-year statute of limitations because it is instead subject to the six-year statute for cases of fraud or concealment. For the six-year statute to apply at the summary judgment stage, Plaintiff must produce specific evidence of "affirmative conduct upon the part *of the defendant* which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief." Barker, 64 F.3d at 1402 (emphasis preserved). "[C]ourts have concluded that affirmative steps of concealment, as opposed to mere failure to disclose, is necessary to toll the running of the statute of limitations" to six years. Yamauchi v. Cotterman, 84 F. Supp. 3d 993, 1006 (N.D. Cal. 2015). "[O]ffering proof of the underlying breach of fiduciary duty is not enough." Id.

Plaintiff has not satisfied his burden to set forth specific facts establishing that Lockheed engaged in fraudulent activity or concealment. In his opposition, Plaintiff attempts to invoke the six-year statute by relying on the same evidence underlying his breach claim. That is insufficient, as persuasively explained in Yamauchi. If every breach claim involving a failure to disclose material information automatically triggered § 1113's six year statute of limitations - as Plaintiff seems to advocate - the exception would swallow the rule.

But even putting Yamauchi aside, the evidence still fails when considered on its substance.

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
13

1   Nothing in the record demonstrates that Lockheed took affirmative steps to conceal either its
2   alleged breach or any relevant information about the pension plan. See Barker, 64 F.3d at 1402
3   ("Substantial authority indicates, however, that the [fraud] exception applies only when the
4   defendant has taken steps to hide his breach of fiduciary duty."). To the contrary, Lockheed sent
5   Plaintiff two letters, one of which conceivably contained accurate information based on Plaintiff's
6   understanding of "bridging," and one which did not. Even if Plaintiff did not know which letter to
7   believe, the contradictory information sufficiently informed him of a possible claim against
8   Lockheed.

Moreover, Plaintiff's unsuccessful attempts to discover more information from Lockheed
and others subsequent to the November 7th letter do not alter the analysis. While Plaintiff has
produced evidence to show a possible breach of fiduciary duty, he has not shown anything beyond
a failure to disclose. Plaintiff has not put forward evidence rising to the level of active
concealment or "knowingly false misrepresentations with the intent to defraud." Id. at 1401. That
sort of showing is not enough, and the authority cited by Plaintiff does not persuade the court
otherwise.[2]

The court finds the six year statute of limitations for ERISA claims involving fraud does
not apply.

### iii. Waiver

Plaintiff argues Lockheed waived a statute of limitations defense by not raising it before
Plaintiff pursued an administrative appeal. The court previously explained in addressing the
motion to dismiss the SAC why Plaintiff's argument is misplaced in light of the unique
circumstances presented by this case.

---

[2] Plaintiff mischaracterizes Moyle v. Liberty Mutual Retirement Benefit Plan, 823 F.3d 948 (9th Cir. 2016), which he argues "bears strong factual similarities to this case." Though Plaintiff states, without citation, that the Ninth Circuit "held that the statute of limitations was tolled until six years after discovery of the misrepresentations," no such holding appears in Moyle. In fact, the term "statute of limitations" is mentioned only twice in the Moyle opinion: once in the introduction, and once in a footnote indicating the Ninth Circuit was declining to take up the issue. 823 F.3d at 956, 959 n.5.

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
14

While Federal Rules of Civil Procedure 8(c) and 12 require that defenses like the statute of limitations be included in a responsive pleading, those rules do not bar Lockheed from raising the defense because Plaintiff had not asserted a breach of fiduciary duty claim under ERISA until he filed the SAC, post-remand, pursuant to the Ninth Circuit's instructions. Lockheed could not respond with defenses to a breach claim under Plaintiff's prior complaints, and cannot be expected to predict what new claims might be raised later in the action.

Similarly, the administrative process that occurred while this case was stayed did not function to waive the defense. That process was necessary for Plaintiff to exhaust a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Breach of fiduciary duty claims under ERISA, however, do not require administrative exhaustion (Fujikawa v. Gushiken, 823 F.2d 1341, 1345 (9th Cir. 1987)), and nothing suggests that Plaintiff submitted the breach claim - which again had not yet been asserted in this action - to the plan administrator for a decision. As such, there was no basis for the administrator to specify the § 1113 statute of limitations in its denial of Plaintiff's appeal.

The court rejects Plaintiff's argument based on waiver of the statute of limitations defense.

## IV. ORDER

Because there is no dispute of material fact that Plaintiff's breach of fiduciary duty claim is barred by the three-year statute of limitations, Lockheed's Motion for Summary Judgment (Dkt. No. 133) is GRANTED.

All other matters are TERMINATED and VACATED. Judgment will be entered in favor of Lockheed and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: September 1, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
15