UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| CHARLES GUENTHER, | Case No. 5:11-cv-00380-EJD |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL** |
| v. | |
| LOCKHEED MARTIN CORPORATION, et al., | Re: Dkt. No. 182 |
| Defendants. | |

Plaintiff Charles Guenther ("Plaintiff") alleged in this action that Defendants Lockheed Martin Corporation and Lockheed Martin Corporation Retirement Plan for Certain Salaried Employees (collectively, "Lockheed") breached a fiduciary duty in violation of the Employee Retirement Income Security Act of 1974 by failing to make accurate representations concerning Plaintiff's ability to "bridge" prior employment service credit with future service credit. Summary judgment was entered in favor of Defendant on September 1, 2017. Dkt. Nos. 168, 169. Plaintiff filed a notice of appeal from the judgment on October 2, 2017. Dkt. No. 172.

Plaintiff also filed a consolidated motion for relief from judgment under Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. No. 170. The court denied the motion by written order filed on January 9, 2018. Dkt. No. 181. The deadline to file a notice of appeal from that order was February 8, 2018.

Plaintiff's counsel missed that deadline. He was in Southern California at an arbitration hearing from January 24th though January 26, 2018, and then came down with the flu on January 28, 2018. From January 28th through February 5, 2018, Plaintiff's counsel had a fever of 101 degrees, felt physically and cognitively debilitated, spent most of each day in bed, and was unable to do much substantive work. Though the fever receded the week of February 5th, Plaintiff's counsel remained ill, had difficulty concentrating, and went home from work early each day that week.

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL
1

According to Plaintiff's counsel, no other attorney was assigned to monitor the February 8th appeal deadline. He also states that the paralegals and other staff at his office had no reason to apprehend the importance of the deadline since an appeal had already been taken from the judgment, and Plaintiff's counsel had not informed them of the second appeal deadline.

Plaintiff now moves to extend the time to file an appeal from the order denying his post-judgment motion. Dkt. No. 182. Lockheed opposes. The matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for May 10, 2018, is therefore VACATED, and the court finds, concludes and orders as follows:

1. Federal Rule of Appellate Procedure 4(a)(1) requires a party to a civil case to file a notice of appeal with the district court clerk "within 30 days after entry of the judgment or order appealed from." The district court may extend this deadline if (1) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and (2) "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

2. There is no dispute this motion was timely-filed under the first part of Rule 4(a)(5). Only the second part, and particularly its excusable neglect standard, is at issue.

The Ninth Circuit requires that district courts apply the four-factor Pioneer/Briones equitable balancing test when examining whether conduct constitutes excusable neglect under Rule 4(a)(5). See Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir. 2004); see also Hoy v. Yamhill Cty., 693 Fed. App'x 664, 665 (9th Cir. 2017). The specified factors are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010). The factors must be construed elastically and against "erecting a rigid barrier against late filings attributable in any degree to the movant's negligence." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 & 395 n.14 (1993).

3. As to the first factor, Lockheed argues permitting Plaintiff to file an untimely

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL
2

notice of appeal will increase its attorneys fees. Lockheed states that because briefing on the appeal from the judgment will largely be completed before a decision on this motion, the two appeals cannot be briefed together. A late appeal from the post-judgment order will therefore require an entirely new set of briefing and additional fees that could have been avoided had Plaintiff filed a timely notice of appeal. In addition, Lockheed claims a late appeal will allow Plaintiff to expand the appellate record with evidence he failed to produce at summary judgment.

While the court understands Lockheed's position, it nonetheless finds this statement of prejudice does not weigh against granting relief to Plaintiff. Lockheed would necessarily incur some increase in attorneys fees even if the appeals were briefed together, lessening the amount of fees directly attributable to a second, separate round of briefing. And the additions to the record are not prejudicial. Lockheed successfully argued before this court the reasons it believes the evidence is improper and insignificant. It can do so again before the Ninth Circuit.

4. As to the second factor, Plaintiff argues the impact of any delay to the proceedings is minimal. The court agrees. As of now, there are no further matters requiring district court attention. The case is pending before the Ninth Circuit, which can still consider both appeals together even if they are briefed separately. Because there is no identifiable delay, this factor favors granting relief to Plaintiff.

5. For the third factor, the court is mindful that excusable neglect can encompass "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Id. at 388.[1] As recited above, Plaintiff's counsel was away from the office handling another case in late January, and then became seriously ill shortly after returning. The illness left counsel unable to completely handle all of his legal matters, including the filing of a timely notice of appeal.

Lockheed rightfully points out the aspects of this account which raise questions about

---

[1] Lockheed also requests the court consider the Ninth Circuit's discussion of illness from Islamic Republic of Iran v. The Boeing Company, 739 F.2d 464 (9th Cir. 1984). Though the case is not entirely irrelevant in this context, the court observes it was decided under the "extraordinary circumstances" standard abrogated by Pioneer. See Pincay, 389 F.3d at 856.

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL
3

whether it should be considered excusable.  It identifies at least two other attorneys who have worked with Plaintiff's counsel on this case, either of which could have filed a notice of appeal.  Lockheed also notes that Plaintiff's counsel admits to not discovering expirations of appeal deadline until nearly a month later.  This fact raises a question about the diligence of Plaintiff's counsel and the sincerity of his explanation.  Indeed, if Plaintiff's counsel – the only attorney with knowledge of the issue – did not notice the deadline's expiration until a month later, it is at least debatable whether counsel's absence and subsequent illness actually prevented compliance with the appeal deadline.  It is not unreasonable to conclude, therefore, that Plaintiff's counsel would have failed to file a timely notice of appeal even if he was completely healthy and working in the office.

The Ninth Circuit has described counsel's ignorance of rules, which is apparently what occurred here despite the other reasons offered, as "one of the least compelling excuses that can be offered."  Pincay, 739 F.2d at 859.  But that alone is not dispositive.  "The real question" is whether there is enough in the context of this case, in light of the three other factors, to outweigh counsel's deficient conduct.  Id.

6. There is.  The fourth factor weighs in favor of relief because there is nothing in the record calling into question Plaintiff's motives for seeking to appeal.  With that, only one of the four Pioneer/Briones factors weighs against the relief Plaintiff seeks.  The combined weight of the other three factors, however, overcomes it.

Accordingly, the court finds that Plaintiff has satisfied the requirements of Rule 4(a)(5).  His motion to file an untimely notice of appeal is GRANTED.  Plaintiff shall file the notice of appeal forthwith.

**IT IS SO ORDERED.**

Dated:  May 7, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-cv-00380-EJD
ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPEAL
4